# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF COOPER MARINE & TIMBERLANDS CORPORATION, AS OWNER *PRO HAC VICE* AND OPERATOR, OF THE BARGE BIG 505, OFFICIAL NO. 110343,<br><br>    Petitioner. | CIV. ACT. NO. 1:20-cv-170-TFM-B |

## ORDER

Pending before the Court is the *Joint Motion to Transfer* (Doc. 25, filed 9/8/20) wherein all parties request that this action be transferred to the United States District Court for the Northern District of Mississippi, Aberdeen Division.

In the Report of Parties' Planning Meeting (Doc. 8), Claimant The City of Columbus ("the City") informed the Court that intended to seek a bifurcation of the issues presented – specifically that the issues of liability and damages would be tried in a forum more convenient for the City with this Court retaining jurisdiction over the limitation action to be tried after the liability trial. *See* Doc. 8 at 4.  At the scheduling conference with the assigned Magistrate Judge, the parties indicated that they could likely agree that a single forum would be more convenient for the parties and would conserve resources for both the Court and the parties.  The Magistrate Judge set a follow up telephonic status conference in the event a joint motion to transfer had not yet been filed.  *See* Doc. 10.  At the follow-up conference on August 5, 2020, the parties indicated there were still a few issues to resolve on whether to transfer.  The Magistrate Judge gave the parties until the end of the month to file their motion or a Rule 16 scheduling order would be entered.  As no motion was filed by the end of the month, a Scheduling Order was entered on September 1, 2020.  *See* Doc. 20.

Additionally, on July 31, 2020, the Petitioner filed a Motion for Default as to any claimants who had not yet appeared. *See* Docs. 12, 13, 14. Subsequently, an additional claimant (Cameron Lawrence) appeared and filed his answer and admiralty claim. *See* Docs. 18, 21, 22, 23, 24. The parties then filed the instant joint motion.

28 U.S.C. § 1404(a) allows a court to change the venue and states that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See also Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 655 (11th Cir. 1993) (citing § 1401(a)). The factors a court may consider include: (1) the plaintiff's choice of forum; (2) availability of compulsory process for the attendance of unwilling witnesses; (3) the cost of obtaining the attendance of willing witnesses; (4) the accessibility and location of sources of proof; (5) the location of counsel: (6) the relative congestion of the courts' dockets; (7) accessibility of the premises to jury view; (8) relation of the community in which courts and the jurors are required to serve to the occurrence giving rise to the suit; and (9) the time, cost, and ease in which the trial can be conducted, and all other practical considerations relative to the trial." *Lindloff v. Schenectady Int'l*, 950 F. Supp. 183, 185 (E.D. Tex. 1996) (citing *Fletcher v. Southern Pac. Transp. Co.*, 648 F. Supp. 1400, 1401 (E.D. Tex. 1986) (collecting authorities)). Lastly, "[d]istrict courts have broad discretion in deciding whether to transfer an action to a more convenient forum." *A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp. 2d 1290, 1307 (N.D. Ala. 2003) (citation omitted); *see also England v. ITT Thompson Industries, Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988) ("Trial judges are permitted a broad discretion in weighing the conflicting arguments as to venue").

The instant joint motion indicates all parties are in agreement as to the transfer. Further, the incident involving the barge happened in the vicinity of the City of Columbus, Mississippi

(Lowndes County) which is within the jurisdiction of the Northern District of Mississippi – Aberdeen Division.  In balancing the transfer venue factors, the Court finds that transfer is appropriate.

Based on the above, the *Joint Motion to Transfer* (Doc. 25) is **GRANTED**.  This action shall be transferred to the United States District Court for the Northern District of Mississippi, Aberdeen Division.  The Clerk of Court shall take the steps necessary to effectuate the transfer.  Any pending motions shall remain for resolution for the gaining court.

**DONE** and **ORDERED** this 10th day of September 2020.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE